JOHN G. TEBBETTS, in equity, *vs.* JOHN F. DEARBORN.

Androscoggin.   Opinion February 8, 1883.

*Partnership.   Fire insurance.*

Where insurance against loss by fire is effected by a member of a firm in the firm's name, upon property of the firm, and the premium therefor is paid for

from funds of the firm, though charged by such member to himself, the insurance will be for the benefit of the firm notwithstanding the member thus effecting it intends it for his own private benefit.

ON BILL IN EQUITY.

Heard on bill, answer and proof.

The material facts are stated in the opinion.

*N. and J. A. Morrill,* for the plaintiff, cited: Pars. Part. § § 231, 223-226; *Mitchell* v. *Reed,* 61 N. Y. 123; Story, Part. c. 9, § § 169-175; Story, Eq. Jur. § 329, *b*; Willard's Eq. Jur. 189; *Keech* v. *Sanford,* 1 Lead Cas. in Eq. 48; *Featherstonehaugh* v. *Fenwick,* 17 Ves. 311; *Cumberland Coal Co.* v. *Sherman,* 30 Barb. 553; *Case* v. *Carroll,* 35 N. Y. 385; *Penman* v. *Slocum,* 41 N. Y. 53; *Lacy* v. *Hall,* 1 Wright, 360.

*Enoch Foster, Junior,* for the defendant, contended that the defendant had a legal right to effect an insurance on his interest in the firm; that one partner has an insurable interest in the property of the firm. Wood, Insurance, § § 292, 306; *Bailey* v. *Hope Insurance Co.* 56 Maine, 474; *Converse* v. *Citizens Insurance Co.* 10 Cush. 37; *Peck* v. *Insurance Co.* 22 Conn. 575; 2 Pars. Contr. 439.

And he contended further that the defendant contracted with the agent of the insurance companies to insure his (the defendant's) two-thirds interest in the property and it was the insurance agent who inserted the firm name. Defendant had nothing to do with that. His agreement with the agent was definite, clear, and binding on the companies. *Bailey* v. *Hope Insurance Co. ante*; R. S., c. 49 § 18; *Walker* v. *Metropolitan Insurance Co.* 56 Maine, 381.

A court of equity would have reformed the policies. 1 Story's Eq. Jur. § 158.

The analogy is the same as where one partner makes a contract to insure the whole of the firm property but through ignorance or mistake on the part of the insurer the policy is issued in the name of one owner when it should have been made in the name of all. Wood, Insurance, § § 283, 306; *Manhattan Insurance Co.* v. *Webster,* 59 Penn. St. 227; *Keith* v. *Globe Insurance Co.*

52 Ill. 518; *Murray* v. *Columbian Insurance Co.* 11 John, 334; *Page* v. *Frye,* 2 B. and P. 200; *Atlantic Insurance Co.* v. *Wight,* 22 Ill. 462.

Counsel further elaborately argued the questions of fact at issue in the case.

WALTON, J. The plaintiff and defendant were formerly copartners, doing business under the firm name of Dearborn and Tebbetts. Their business was the manufacture of spools and other articles of wood. Dearborn (the defendant) owned a two thirds interest and Tebbetts (the plaintiff) one-third. November 22, 1879, their buildings, stock and tools were burned. The defendant has received six thousand seven hundred dollars for insurance on the property. The plaintiff claims that he should account for this money as assets belonging to the firm. The defendant resists this claim. He says that the insurance was not upon the property of Dearborn and Tebbetts, but upon his (Dearborn's) interest in it; that he procured the insurance himself for his own individual benefit, and paid the premiums from his own individual money.

Such are the statements in the defendant's answer; but the proof does not sustain them. The insurance was upon the property of Dearborn and Tebbetts. The policies (six in number) so state. The insurance was not limited to Dearborn's interest; and by the terms of the policies could not be. One of the conditions is that it shall be optional with the insurance companies in case of loss, to repair, rebuild, or replace the property. It is impossible to apply such a condition to the undivided interest of one of the partners. It is impossible to rebuild or repair an undivided interest in property. It is the property of Dearborn and Tebbetts which, by the terms of the policies, was insured, and there is not a word in the policies to indicate that a less interest was intended. And by the terms of the policies Dearborn and Tebbetts are the parties insured. They are the parties insured, and the insurance is upon their property. In these particulars the averments in the plaintiff's bill are true, and the defendant's answer is not true.

Nor is it true, as asserted by the defendant in his answer, that the premiums were paid from his own individual money. The proof is that the premiums were paid in drafts drawn in the name of the firm upon copartnership funds; and if, for any reason, the drafts had not been paid, a suit against the firm could have been maintained upon them. It may be true, as the defendant testifies, that he charged himself with the amount of these drafts, but the payment, when made, was made by the firm, and from firm funds, and not from the individual money of the defendant. In this particular the allegation in the plaintiff's bill is true, and the defendant's answer is not true.

But the defendant says that when he procured the insurance he intended it for his own individual benefit. It is sufficient to say that such an intent would be fraudulent, and the law would not give effect to it. A partner has implied authority to effect insurance for his firm (Coll. on Part. § 438), and of course may use the firm's funds, or the firm's credit, for that purpose. But he has no right thus to use the firm's name, or the firm's funds, or the firm's credit, for his own private and individual benefit, without the consent of his copartners. It would be a fraud upon them to do so. And there is no pretense of such consent in this case. The insurance was in fact effected in the names of Dearborn and Tebbetts, —that is, Dearborn and Tebbetts were the parties insured. The insurance was upon their property. The loss was a joint loss. And notwithstanding the defendant may have intended the insurance should be for his own private benefit, and to that end caused the policies to be made payable to himself in case of loss, it is the opinion of the court that the law will not give effect to such an intent, and that he must account to his copartner for his *pro rata* share of the insurance money.

This conclusion apparently settles every matter in dispute between the parties. But, as the object of the bill is to close the affairs of the partnership, which is now dissolved, the case must go to a master, unless the parties otherwise agree. And it is

the opinion of the court that the case is one in which the plaintiff should recover costs.

> *Bill sustained. Decree as prayed for, with costs.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.